IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED

JUN 05 2009

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY ___W.H.___ DEPUTY

WARREN VINCENT LEE,               )
                                  )
            Plaintiff,            )
                                  )
vs.                               )   No. CIV-07-773-W
                                  )
SHANE WYATT et al.,               )
                                  )
            Defendants.           )

## ORDER

On January 20, 2009, United States Magistrate Judge Gary M. Purcell issued a Supplemental Report and Recommendation in this matter and recommended inter alia that the Motion for Summary Judgment filed by defendant Lt. G.G. Music, Jr., a police officer employed by the Chickasha Police Department, be granted.[1] Plaintiff Warren Vincent Lee was advised of his right to object, and the matter now comes before the Court on Lee's Objection to the Report and Recommendation.

In his amended complaint, Lee has asserted multiple constitutional deprivations arising from, and involving, his arrest in Chickasha, Oklahoma, and his detention in 2006 and 2007 in the Grady County Detention Center, and he has sought relief under title 42, section 1983 of the United States Code. Because Magistrate Judge Purcell has set forth the relevant factual background in his Supplemental Report and Recommendation as well as the applicable legal analyses, the Court has repeated only what is necessary to resolve

---

[1] In his Supplemental Report and Recommendation, Magistrate Judge Purcell also addressed the Motions for Summary Judgment filed by defendants Rochell McConnell, Larry McGill, Bill Daugherty, George Baker, Randy Ely, Shane Wyatt, Michelle Stallings and Jay Belt, D.O. His findings and recommendations with regard to those motions are addressed in separate orders.

Lee's objections.

In determining whether summary judgment on Lee's claims is appropriate as Music has requested, the Court must decide whether "there is no genuine issue as to any material fact and . . . [whether Music] is entitled to judgment as a matter of law." Rule 56(c), F.R.Civ.P. The Court at this stage of the litigation does not evaluate the credibility of the witnesses, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), or "weigh the evidence and determine the truth of the matter . . . ." Id. at 249. Rather, the Court must decide "whether there is a genuine issue for trial . . . [and] there is no [triable] issue . . . unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted). The Court's inquiry must be whether the evidence, when viewed "through the prism of the substantive evidentiary burden," id. at 254, "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

Upon de novo review of the record and after application of the foregoing standards, the Court concurs with Magistrate Judge Purcell's suggested disposition of Music's Motion for Summary Judgment. Accordingly, the Court ADOPTS the Supplemental Report and Recommendation [Doc. 183] filed on January 20, 2009, as to Music and ORDERS as follows:

(1) The Motion for Summary Judgment [Doc. 137] filed on August 6, 2008, by Music in his official capacity is GRANTED.

(2) This same Motion for Summary Judgment filed by Music in his individual capacity

is likewise GRANTED. Lee has failed to establish the absence of probable cause for the prosecutions of, and his convictions on, the charges that resulted from his arrests on May 18, 2006, and February 17, 2007, an essential element of his claims of retaliation under section 1983. E.g., Hartman v. Moore, 547 U.S. 250, 256 (2006).

Lee, as a pretrial detainee, has likewise failed to establish for purposes of Rule 56 the essential elements of his claim that Music was deliberately indifferent to his serious medical needs–a claim that is analyzed under the due process clause of the fourteenth amendment. E.g., Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). Lee not only has failed to assert the existence of a "'sufficiently serious,'" Farmer v. Brennan, 511 U.S. 825, 834 (1994)(citations omitted), medical need, e.g., Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000)(medical need is sufficiently serious if diagnosed by physician as mandating treatment or so obvious that lay person would recognize need for medical attention), but also has failed to establish that Music had the "'sufficiently culpable state of mind' . . . of 'deliberate indifference' to . . . [Lee's] health or safety." Farmer, 511 U.S. at 834 (citations omitted). There is no evidence in the record that would establish a genuine dispute that Music knew of, and disregarded, an excessive risk to Lee's health or safety and or that his actions would subject Lee to a substantial risk of serious harm. E.g., id. at 837.

(3) Because no just reason for delay exists for the entry of a final judgment as to Lee's claims against Music, e.g., Rule 54(b), F.R.Civ.P., judgment shall issue forthwith in favor of defendant Music, in his official and individual capacities, and against Lee.

ENTERED this 5th day of June, 2009.

LEE R. WEST
UNITED STATES DISTRICT JUDGE