FILED
JUN 05 2009
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY 𝒲, 𝓗.         DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WARREN VINCENT LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV-07-773-W |
| ) | |
| SHANE WYATT et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

On January 20, 2009, United States Magistrate Judge Gary M. Purcell issued a Supplemental Report and Recommendation and recommended inter alia that the Motion for Summary Judgment filed by defendant Michelle Stallings be granted.[1] Plaintiff Warren Vincent Lee was advised of his right to object, and the matter now comes before the Court on Lee's Objection to the Report and Recommendation.

In his amended complaint, Lee has asserted multiple constitutional deprivations arising from, and involving, his arrest in Chickasha, Oklahoma, and his detention in 2006 and 2007 in the Grady County Detention Center ("GCDC"), and he has sought relief under title 42, section 1983 of the United States Code. Because Magistrate Judge Purcell has set forth the relevant factual background in his Supplemental Report and Recommendation as well as the applicable legal analyses, the Court has repeated only what is necessary to resolve the parties' objections.

---

[1] In his Supplemental Report and Recommendation, Magistrate Judge Purcell also addressed the Motions for Summary Judgment filed by defendants Rochell McConnell, Larry McGill, Bill Daugherty, George Baker, Randy Ely, Shane Wyatt, Jay Belt, D.O., and Lt. G.G. Music, Jr. His findings and recommendations with regard to those motions will be addressed in separate orders.

In determining whether summary judgment on Lee's claims is appropriate as Stallings has requested, the Court must decide whether "there is no genuine issue as to any material fact and . . . [whether Stallings] is entitled to judgment as a matter of law." Rule 56(c), F.R.Civ.P. The Court at this stage of the litigation does not evaluate the credibility of the witnesses, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), or "weigh the evidence and determine the truth of the matter . . . ." Id. at 249. Rather, the Court must decide "whether there is a genuine issue for trial . . . [and] there is no [triable] issue . . . unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted). The Court's inquiry must be whether the evidence, when viewed "through the prism of the substantive evidentiary burden," id. at 254, "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

Stallings, a nurse employed at GCDC, has argued that she is qualifiedly immune from suit. Since Stallings has raised this affirmative defense, the burden rests with Lee to show that Stallings' actions fall outside the scope of immunity. E.g., Weigel v. Broad, 544 F.3d 1143, 1151 (10th Cir. 2008). Although the two-step sequence for resolving Stallings' entitlement to qualified immunity set forth in Saucier v. Katz, 533 U.S. 194 (2001), is no longer "regarded as mandatory in all cases," Pearson v. Callahan, 129 S. Ct. 808, 818 (2009), the Court has employed Saucier's protocol in this case.

Upon de novo review of the record and after application of the foregoing standards, the Court concurs with Magistrate Judge Purcell's suggested disposition of Stallings' Motion for Summary Judgment. Accordingly, the Court ADOPTS the Supplemental Report and Recommendation [Doc. 183] filed on January 20, 2009, as to Stallings and ORDERS as follows:

(1) The Motion for Summary Judgment [Doc. 133] filed on July 31, 2008, by Stallings in her official capacity is GRANTED.

(2) This same Motion for Summary Judgment filed by Stallings in both her individual and official capacities is likewise GRANTED insofar as Lee has sought injunctive and declaratory relief "to remedy all long standing violations of inhumane conditions of confinement, inadequate medical, inmate on inmate assaults, policies dealing with food service, inmate protection, orientation of new inmates with inmate handbook and visual training on jail rules, disciplinary and grievance procedures," Amended Complaint [Doc. 42] at 7, and "to fix all defects in toilets, waters, and other related health hazards." Id. Lee's transfer of custody from GCDC to another institution has rendered such requests for relief moot. E.g., Love v. Summit County, 776 F.2d 908, 910 n.4 (10th Cir. 1985)(transfer of inmate to different prison renders section 1983 claim for injunctive relief moot).

(3) This same Motion for Summary Judgment is GRANTED as to all remaining claims asserted by Lee against Stallings in her individual capacity. "A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." Perkins v. Kansas Department of Corrections, 165 F.3d 803, 811 (10th Cir. 1999)(citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)). Likewise, liability does not attach in those instances, such as the case at bar, where "a prisoner . .

3

. merely disagrees with a diagnosis or a prescribed course of treatment . . . ." Id. (citing Estelle, 429 U.S. at 107)(other citation omitted). Because Lee has failed to establish a constitutional violation with regard to his complaints in 2006 about injuries resulting from altercations with other pretrial detainees and his complaints in 2007 about back, shoulder and chest pain, Stallings is entitled to qualified immunity on these claims.

Stallings is also entitled to this affirmative defense in connection with Lee's claim for relief that Stallings was deliberately indifferent to his serious medical needs because she delayed in providing medical treatment to him for a ruptured appendix. "Individual liability under [42 U.S.C.] § 1983 must be based on personal involvement in the alleged constitutional violation," Foote v. Spiegel, 118 F.3d 1416, 1423-24 (10th Cir. 1997)(citation omitted), and Lee has failed to establish for purposes of Rule 56 that Stallings was personally involved in delaying medical treatment to him in August 2007.

Lee has further failed to establish Stallings' personal involvement in connection with his claims that he was denied medical treatment for his broken tooth in May 2007, and absent a showing of a constitutional violation committed by this defendant, Stallings is entitled to qualified immunity on this claim.

In connection with his claim that Stallings was deliberately indifferent to his serious medical needs that is based on the health and hygiene problems of pretrial detainee Ralph Cox, Lee not only has failed to assert the existence of a "'sufficiently serious,'" Farmer v. Brennan, 511 U.S. 825, 834 (1994)(citations omitted), medical need, but also has failed to establish that Stallings had "a 'sufficiently culpable state of mind,'" 511 U.S. at 834 (citations omitted), and was "'deliberate[ly] indifferen[t]' to . . . [Lee's] health or safety." Id. (citations omitted). Because there is no evidence in the record that would establish a

. merely disagrees with a diagnosis or a prescribed course of treatment . . . ." Id. (citing Estelle, 429 U.S. at 107)(other citation omitted). Because Lee has failed to establish a constitutional violation with regard to his complaints in 2006 about injuries resulting from altercations with other pretrial detainees and his complaints in 2007 about back, shoulder and chest pain, Stallings is entitled to qualified immunity on these claims.

Stallings is also entitled to this affirmative defense in connection with Lee's claim for relief that Stallings was deliberately indifferent to his serious medical needs because she delayed in providing medical treatment to him for a ruptured appendix. "Individual liability under [42 U.S.C.] § 1983 must be based on personal involvement in the alleged constitutional violation," Foote v. Spiegel, 118 F.3d 1416, 1423-24 (10th Cir. 1997)(citation omitted), and Lee has failed to establish for purposes of Rule 56 that Stallings was personally involved in delaying medical treatment to him in August 2007.

Lee has further failed to establish Stallings' personal involvement in connection with his claims that he was denied medical treatment for his broken tooth in May 2007, and absent a showing of a constitutional violation committed by this defendant, Stallings is entitled to qualified immunity on this claim.

In connection with his claim that Stallings was deliberately indifferent to his serious medical needs that is based on the health and hygiene problems of pretrial detainee Ralph Cox, Lee not only has failed to assert the existence of a "'sufficiently serious,'" Farmer v. Brennan, 511 U.S. 825, 834 (1994)(citations omitted), medical need, but also has failed to establish that Stallings had "a 'sufficiently culpable state of mind,'" 511 U.S. at 834 (citations omitted), and was "'deliberate[ly] indifferen[t]' to . . . [Lee's] health or safety." Id. (citations omitted). Because there is no evidence in the record that would establish a

. merely disagrees with a diagnosis or a prescribed course of treatment . . . ." Id. (citing Estelle, 429 U.S. at 107)(other citation omitted). Because Lee has failed to establish a constitutional violation with regard to his complaints in 2006 about injuries resulting from altercations with other pretrial detainees and his complaints in 2007 about back, shoulder and chest pain, Stallings is entitled to qualified immunity on these claims.

Stallings is also entitled to this affirmative defense in connection with Lee's claim for relief that Stallings was deliberately indifferent to his serious medical needs because she delayed in providing medical treatment to him for a ruptured appendix. "Individual liability under [42 U.S.C.] § 1983 must be based on personal involvement in the alleged constitutional violation," Foote v. Spiegel, 118 F.3d 1416, 1423-24 (10th Cir. 1997)(citation omitted), and Lee has failed to establish for purposes of Rule 56 that Stallings was personally involved in delaying medical treatment to him in August 2007.

Lee has further failed to establish Stallings' personal involvement in connection with his claims that he was denied medical treatment for his broken tooth in May 2007, and absent a showing of a constitutional violation committed by this defendant, Stallings is entitled to qualified immunity on this claim.

In connection with his claim that Stallings was deliberately indifferent to his serious medical needs that is based on the health and hygiene problems of pretrial detainee Ralph Cox, Lee not only has failed to assert the existence of a "'sufficiently serious,'" Farmer v. Brennan, 511 U.S. 825, 834 (1994)(citations omitted), medical need, but also has failed to establish that Stallings had "a 'sufficiently culpable state of mind,'" 511 U.S. at 834 (citations omitted), and was "'deliberate[ly] indifferen[t]' to . . . [Lee's] health or safety." Id. (citations omitted). Because there is no evidence in the record that would establish a

genuine dispute that Stallings "kn[e]w of and disregard[ed] an excessive risk to . . . [Lee's] health or safety," id. at 837, the Court finds Stallings is entitled to qualified immunity with respect to this claim for relief.

In reviewing Lee's conditions of confinement claims based upon the unsanitary environment at GCDC, the Court again finds that Lee has failed for purposes of Rule 56 to show a genuine issue of material fact with regard to Stallings' personal involvement in this alleged constitutional deprivation. E.g., Foote, 118 F.3d at 1423.

(4) Because no just reason for delay exists for the entry of a final judgment as to Lee's claims against Stallings, e.g., Rule 54(b), F.R.Civ.P., judgment shall issue forthwith in favor of defendant Stallings, in her individual and official capacities, and against Lee.

ENTERED this 5th day of June, 2009.

LEE R. WEST
UNITED STATES DISTRICT JUDGE