IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

**FILED**

JUN 05 2009

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

WARREN VINCENT LEE, )
)
Plaintiff, )
)
vs. ) No. CIV-07-773-W
)
SHANE WYATT et al., )
)
Defendants. )

## ORDER

On January 20, 2009, United States Magistrate Judge Gary M. Purcell issued a Supplemental Report and Recommendation and recommended inter alia that the Motion for Summary Judgment filed by defendant Jay Belt, D.O., be granted.[1] Plaintiff Warren Vincent Lee was advised of his right to object, and the matter now comes before the Court on Lee's Objection to the Report and Recommendation.

In his amended complaint, Lee has asserted multiple constitutional deprivations arising from, and involving, his arrest in Chickasha, Oklahoma, and his detention in 2006 and 2007 in the Grady County Detention Center ("GCDC"), and he has sought relief under title 42, section 1983 of the United States Code. Because Magistrate Judge Purcell has set forth the relevant factual background in his Supplemental Report and Recommendation as well as the applicable legal analyses, the Court has repeated only what is necessary to resolve the parties' objections.

---

[1] In his Supplemental Report and Recommendation, Magistrate Judge Purcell also addressed the Motions for Summary Judgment filed by defendants Rochell McConnell, Larry McGill, Bill Daugherty, George Baker, Randy Ely, Shane Wyatt, Michelle Stallings and Lt. G.G. Music, Jr. His findings and recommendations with regard to those motions will be addressed in separate orders.

In determining whether summary judgment on Lee's claims is appropriate as Dr. Belt has requested, the Court must decide whether "there is no genuine issue as to any material fact and . . . [whether Dr. Belt] is entitled to judgment as a matter of law." Rule 56(c), F.R.Civ.P. The Court at this stage of the litigation does not evaluate the credibility of the witnesses, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), or "weigh the evidence and determine the truth of the matter . . . ." Id. at 249. Rather, the Court must decide "whether there is a genuine issue for trial . . . [and] there is no [triable] issue . . . unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted). The Court's inquiry must be whether the evidence, when viewed "through the prism of the substantive evidentiary burden," id. at 254, "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

Lee was incarcerated at GCDC from February 2007 to September 2007. During that time, co-defendant George A. Cheek, D.O., a physician engaged in private practice, entered into an agreement with Grady County Industrial Authority on behalf of Family Medical Clinic, P.C. of Anadarko to provide medical services to inmates at GCDC. Dr. Cheek died in July 2007, and Dr. Belt assumed inter alia that part of Dr. Cheek's practice at GCDC.

Dr. Belt has argued that he is qualifiedly immune from suit. Since Dr. Belt has raised this affirmative defense, the burden rests with Lee to show that Dr. Belt's actions fall outside the scope of immunity. E.g., Weigel v. Broad, 544 F.3d 1143, 1151 (10th Cir.

2008). Although the two-step sequence for resolving Dr. Belt's entitlement to qualified immunity set forth in Saucier v. Katz, 533 U.S. 194 (2001), is no longer "regarded as mandatory in all cases," Pearson v. Callahan, 129 S. Ct. 808, 818 (2009), the Court has employed Saucier's protocol in this case.

Upon de novo review of the record and after application of the foregoing standards, the Court concurs with Magistrate Judge Purcell's suggested disposition of Dr. Belt's Motion for Summary Judgment. Accordingly, the Court ADOPTS the Supplemental Report and Recommendation [Doc. 183] filed on January 20, 2009, as to Dr. Belt and ORDERS as follows:

(1) The Motion for Summary Judgment [Doc. 170] filed on November 17, 2008, 2008, by Dr. Belt, to the extent, if any, he has been sued in his official capacity, is GRANTED.

(2) This same Motion for Summary Judgment filed by Dr. Belt in his individual capacity is likewise GRANTED. GCDC has an internal administrative grievance procedure for resolving detainees' complaints that requires pretrial detainees such as Lee to submit written grievances with regard to their complaints. As the record shows, Lee was familiar with the process and had submitted written grievances about other incidents and conditions of confinement at GCDC; as the record further shows, he did not however submit any written grievances concerning the medical treatment he received from Dr. Belt in August 2007.

Because Lee has not demonstrated that he had exhausted the administrative remedies available at GCDC as required by the Prison Litigation Reform Act of 1995, 42

U.S.C. § 1997e(a), with respect to his claims against Dr. Belt before he brought suit, the Court finds Dr. Belt is entitled to judgment as a matter of law on these claims.

Dr. Belt is entitled to qualified immunity in connection with those claims asserted against him that are based upon Dr. Cheek's acts or omissions as well as those claims that are based upon the unsanitary and allegedly inhumane conditions of Lee's confinement at GCDC. "Individual liability under [42 U.S.C.] § 1983 must be based on personal involvement in the alleged constitutional violation," Foote v. Spiegel, 118 F.3d 1416, 1423-24 (10th Cir. 1997)(citation omitted), and Lee has failed to establish for purposes of Rule 56 any personal participation on the part of Dr. Belt in these alleged constitutional violations.

Dr. Belt is likewise entitled to qualified immunity on Lee's claims that are based upon Dr. Belt's response to Lee's complaints of lower back, chest and left shoulder pain. E.g., Perkins v. Kansas Department of Corrections, 165 F.3d 803, 811 (10th Cir. 1999)(citing Estelle v. Gamble, 429 U.S. 97, 107 (1976))(other citation omitted)(liability does not attach where prisoner disagrees with physician's diagnosis or prescribed course of treatment).

Finally, Dr. Belt is also entitled to this affirmative defense in connection with Lee's claim for relief that Dr. Belt was deliberately indifferent to his serious medical needs because he delayed in providing medical treatment to Lee for a ruptured appendix. As the United States Supreme Court has instructed in Farmer v. Brennan, 511 U.S. 825 (1994), this claim involves an objective as well as a subjective component, both of which must be satisfied. E.g., id. at 834.

To establish the objective prong, Lee must show the existence of a "'sufficiently serious,'" id. (citations omitted), medical need and, in this case, that the delay in medical

4

care about which he has complained, "resulted in substantial harm." Sealock v. Colorado, 218 F.3d 1205, 1210 (10th Cir. 2000). As Magistrate Judge Purcell found, there is no dispute that Lee's ruptured appendix and the emergency appendectomy that was subsequently performed constituted a sufficiently serious medical need.

However, to survive Dr. Belt's request for summary judgment, Lee, as stated, must also satisfy Farmer's subjective component, which requires at this stage of the litigation that he establish a genuine issue of material fact with regard to whether Dr. Belt, assuming he was personally involved in this particular claim, had "a 'sufficiently culpable state of mind,'" 511 U.S. at 834 (citations omitted), and was "'deliberate[ly] indifferen[t]' to . . . [Lee's] health or safety." Id. (citations omitted). Lee has presented no evidence that would establish for purposes of Rule 56 that Dr. Belt "kn[e]w of and disregard[ed] an excessive risk to . . . [Lee's] health or safety." Id. at 837. Absent the same, Dr. Belt is entitled to judgment as a matter of law on this claim.

(4) Because no just reason for delay exists for the entry of a final judgment as to Lee's claims against Dr. Belt, e.g., Rule 54(b), F.R.Civ.P., judgment shall issue forthwith in favor of this defendant, in both his individual and official capacities, and against Lee.

ENTERED this 5th day of June, 2009.

LEE R. WEST
UNITED STATES DISTRICT JUDGE