FILED

IN THE UNITED STATES DISTRICT COURT FOR

OCT 21 2009

THE WESTERN DISTRICT OF OKLAHOMA

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

| | |
|---|---|
| WARREN VINCENT LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV-07-773-W |
| ) | |
| SHANE WYATT et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

On September 10, 2009, United States Magistrate Judge Gary M. Purcell issued a Third Supplemental Report and Recommendation in this matter and recommended that the Court grant the Motion for Summary Judgment filed and supplemented by defendants Rochell McConnell, Larry McGill, Bill Daugherty, George Baker and Randy Ely, wherein these defendants challenged the claim asserted by plaintiff Warren Vincent Lee in Count II of his amended complaint. Magistrate Judge Purcell also recommended that the Court grant the Motion for Summary Judgment filed and supplemented by defendant Shane Wyatt, in his official capacity, wherein Wyatt challenged Lee's claims for monetary relief against him in that capacity.

The parties were advised of their right to object, and the matter now comes before the Court on Lee's Objection to Third Supplemental Report and Recommendation. After a de novo review of the record, the Court concurs with Magistrate Judge Purcell's suggested disposition of the defendants' Motions for Summary Judgment, as supplemented.

In his amended complaint, Lee has asserted multiple constitutional deprivations arising from, and involving, his arrest in Chickasha, Oklahoma, and his detention in 2006 and 2007 in the Grady County Detention Center ("GCDC"), and he has sought monetary relief against the instant defendants under title 42, section 1983 of the United States Code.

Because Magistrate Judge Purcell has set forth the relevant factual background in his Third Supplemental Report and Recommendation as well as the applicable legal analyses, the Court has repeated only what is necessary to resolve Lee's objections.

In determining whether summary judgment on the challenged claims is appropriate as these defendants have requested, the Court must decide whether "there is no genuine issue as to any material fact and . . . [whether any one of these defendants] is entitled to judgment as a matter of law." Rule 56(c), F.R.Civ.P. The Court at this stage of the litigation does not evaluate the credibility of the witnesses, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), or "weigh the evidence and determine the truth of the matter . . . ." Id. at 249. Rather, the Court must decide "whether there is a genuine issue for trial . . . [and] there is no [triable] issue . . . unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted). The Court's inquiry must be whether the evidence, when viewed "through the prism of the substantive evidentiary burden," id. at 254, "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

On August 20, 2002, the Board of County Commissioners for Grady County, Oklahoma, formed the Grady County Criminal Justice Authority ("GCCJA") and delegated

2

to it the final policymaking authority with regard to the administration, regulation and operation of GCDC. See Supplemental Brief, Exhibit 2 [Doc. 216-3]. Because a suit against an individual in his or her official capacity is the equivalent of a suit against the governmental entity that employs that individual, e.g., Kentucky v. Graham, 473 U.S. 159, 165 (1985), Lee's suit against Wyatt in his official capacity is therefore in reality a suit against the GCCJA.

"A [governmental entity such as GCCJA] . . . is not liable for the constitutional violations of its employees simply because . . . [a constitutional] violation has occurred; a policy or custom must have actually caused that violation." Cordova v. Aragon, 569 F.3d 1183, 1194 (10th Cir. 2009)(citations omitted). Thus, to establish a claim for monetary relief under section 1983 against GCCJA, Lee must prove inter alia that a "policy or custom [of GCCJA] was the moving force behind the constitutional deprivation that occurred." Estate of Larsen v. Murr, 511 F.3d 1255, 1264 (10th Cir. 2008)(citation omitted). Liability may also be imposed if Lee can establish that a "final policymaker" for GCCJA took the unconstitutional action. E.g., Moss v. Kopp, 559 F.3d 1155, 1168-69 (10th Cir. 2009).

As to the latter, it is undisputed that Wyatt at all times relevant to this lawsuit was employed as GCDC jail administrator. See Affidavit of Shane Wyatt (February 6, 2009) at 1, ¶ 5. The record is devoid of any evidence that in his capacity as jail administrator, Wyatt had final policymaking authority with regard to the issues presented in this lawsuit.

The record further establishes that Lee has failed to show a genuine issue of material fact with regard to whether the execution of a GCCJA policy or custom regarding overcrowding or training inflicted injury in this case or actually caused any constitutional violation that might have occurred. Accordingly, the Court finds Wyatt in his official

capacity is entitled to summary judgment as a matter of law as to Lee's claims for monetary damages.

In Count II of his amended complaint, Lee has alleged that another detainee, Monty (spelled "Monte" and "Montie" in Lee's papers) Barger, who was allegedly infected with the hepatitis C virus, assaulted him on August 6, 2006, and that defendants McConnell, McGill, Daugherty, Baker and Ely, who at the time were employed at GCDC, failed to protect him from Barger's assault. The defendants have argued that they are entitled to summary judgment because Lee has failed to exhaust his administrative remedies with regard to this claim.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), imposes a mandatory exhaustion requirement on inmates who challenge prison conditions. To exhaust his administrative remedies, a prisoner must properly comply with prison grievance procedures. E.g., Woodford v. Ngo, 548 U.S. 81 (2006)(prisoners must complete prison's administrative review process in accordance with applicable procedural rules).

GCDC has implemented a grievance procedure that requires detainees to first submit written grievances in the form of a "request to staff" with 72 hours of the incident that is the basis of the grievance. See Supplemental Brief, Exhibit 3 [Doc. 217-4]. If the matter is not resolved by GCDC's response to the detainee's "request to staff," the detainee then has 72 hours in which to submit a written "inmate grievance form." See id. The submission of a "request to staff" does not alone satisfy GCDC's grievance policy. See id.

The record in this case establishes that Lee was familiar with GCDC grievance procedures and that he had submitted "requests to staffs" and "inmate grievance forms"

regarding other issues. The record further establishes that Lee did not grieve in accordance with GCDC's grievance procedure the incident regarding Barger in connection with these defendants' failure to protect him from Barger's assault.[1]

Because Lee has failed to create a genuine issue of material fact as to his failure to exhaust available administrative remedies, the Court finds that McConnell, McGill, Daugherty, Baker and Ely are entitled to summary judgment on Count II of Lee's amended complaint.

Based on the foregoing, the Court

(1) ADOPTS the Third Supplemental Report and Recommendation [Doc. 227] issued on September 10, 2009;

(2) GRANTS the Motion for Summary Judgment [Doc. 131] filed on July 31, 2008, and supplemented [Doc. 217] on July 27, 2009, by McConnell, McGill, Daugherty, Baker and Ely in their individual capacities;

(3) GRANTS the Motion for Summary [Doc. 132] filed on July 31, 2008, and supplemented [Doc. 216] on July 27, 2009, by Wyatt in his official capacity; and

(4) DENIES Lee's Request for Appointment of Counsel set forth in his Objection to Third Supplemental Report and Recommendation, see Doc. 233, at 8, to the extent, if any,

---

[1] On September 14, 2006, Lee submitted a written "Request for Medical Treatment" and stated therein that he "need[ed] hepatitis C blood test back[.]" Supplemental Brief, Exhibit 5 [Doc. 217-6]. He also indicated that he wanted to file criminal charges against Barger for biting him on August 6, 2006. He thereafter submitted additional written "Requests for Medical Treatment," wherein he stated that he wanted "follow-up" blood tests for the hepatitis C virus. Lee also submitted a "Request to Staff" dated February 27, 2007, wherein he again expressed the need for an additional blood screen and repeated his desire to file criminal charges against Barger. Id. Exhibit 9 [Doc. 217-10]. Lee never requested in these documents that he be protected from Barger or that any GCDC employee had failed to protect him from Barger.

such request pertains to the challenges asserted by the instant defendants.

ENTERED this 21st day of October, 2009.

LEE R. WEST
UNITED STATES DISTRICT JUDGE