IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WARREN VINCENT LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-07-773-W |
| v. | ) | |
| | ) | |
| JOHN DOE a/k/a PAUL MATTHEWS, | ) | |
| | ) | |
| Defendant. | ) | |

FOURTH SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. §1983 on July 12, 2007. Plaintiff filed an Amended Complaint on January 24, 2008, in which Plaintiff named eleven Defendants, including one Defendant described only as "Lieutenant/Seargeant [sic]" "John Doe." (Doc. # 42). The matter was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). All of the Defendants in this action have previously been dismissed in Orders entered March 4, 2008 (Doc. # 63), June 5, 2009 (Docs. # 198, 199 200, 201), and October 21, 2009 (Doc. # 234), except for the "John Doe" Defendant named in the Amended Complaint who has since been identified as Defendant Paul Mathews. The action remains referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).

On January 24, 2008, Plaintiff requested that summons be issued by the Court Clerk for

1

" Lt./Sgt. John Doe," and the address for service provided by Plaintiff was the office of the Grady County Detention Center. On January 28, 2008, the summons issued for Defendant "John Doe," in which Plaintiff described this Defendant only as the officer at GCDC "on duty 6-26-07 with D. O. Gibson when fight broke out in max housing unit," was returned unexecuted due to the absence on the summons form of a legal name for the Defendant. (Doc. # 47).

In a Second Supplemental Report and Recommendation entered January 30, 2009, the undersigned recommended that Plaintiff's §1983 action against Defendant "John Doe" be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) due to Plaintiff's failure to effect timely service of process upon this Defendant. (Doc. # 187). Plaintiff objected to this Second Supplemental Report and Recommendation. (Doc. # 194).

In an Order entered June 5, 2009, United States District Judge West declined to adopt the Second Supplemental Report and Recommendation and directed Defendants' attorney, Mr. Artus, to provide Plaintiff in writing the name of the "John Doe" Defendant, if possible, and to file proof of this notification with the Clerk of the Court no later than June 22, 2008. (Doc. # 205). District Judge West directed Plaintiff to complete the necessary papers for issuance of summons upon this Defendant no later than June 26, 2009, and directed the Clerk of the Court, upon receipt, to forward the executed documents along with a copy of the Amended Complaint to the United States Marshal's Service for service of process upon this Defendant.     On June 18, 2009, Mr. Artus filed a notice in this action in which he stated that he had mailed Plaintiff a letter, which was received at the prison where Plaintiff was incarcerated on June 16, 2009, informing Plaintiff of Defendants' "best guess" as to the name of the "John Doe" Defendant.

(Doc. # 206). Mr. Artus attached to the notice a copy of a letter addressed to Plaintiff and informing Plaintiff that his description of the "John Doe" Defendant indicated that Plaintiff was attempting to identify Paul Matthews, a former GCDC staff member, but that Mr. Matthews was no longer employed at GCDC and no current information concerning his address was known. In this letter, Mr. Artus also provided Plaintiff with the last known address of Mr. Matthews in Chickasha, Oklahoma.

On June 24, 2009, Plaintiff filed a Pro Se Litigant's Request for Issuance of a Summons, requesting that summons be issued for service upon Defendant Paul Matthews at the only address provided by Mr. Artus. The summons was issued by the Clerk on June 24, 2009 (Doc. # 208), and on July 8, 2009, the summons was returned by the United States Marshal's Service with the notation that the "separation date" of Mr. Matthews was July 15, 2006, and that Mr. Matthews had "moved out of [the] district, possibly to Tahlequah [Oklahoma] area" and could not be located in order to effect service of process upon him. (Doc. # 211). In a subsequent pleading in which Plaintiff requested an extension of time, Plaintiff indicated he was seeking discovery from Defendants concerning Mr. Matthews, including his "social security number, drive [sic] lic [sic] no. or the use [of] their internet connection to locate him ...." (Doc. # 220).

In an Order entered August 21, 2009, the undersigned directed Defendants (other than Defendant Paul Matthews) to provide Plaintiff in writing the last known address of Defendant Paul Matthews no later than August 31, 2009, and provide proof of this notification to the Clerk of the Court no later than September 4, 2009. (TR 221). These Defendants filed a notice to the Court on August 24, 2009, in which these Defendants stated that they had provided Plaintiff in

3

writing all last known contact information for Defendant Paul Matthews. (Doc. # 222).

In an Order entered by the undersigned on December 3, 2009, Plaintiff was notified of the undersigned's intention to recommend the dismissal of this action without prejudice as to the remaining Defendant "John Doe" a/k/a/ Paul Matthews unless Plaintiff showed cause for his failure to serve this Defendant on or before December 22, 2009. In a responsive pleading entitled "Motion To Dismiss Without Prejudice" filed December 21, 2009, Plaintiff requests that Defendant "John Doe" a/k/a Paul Matthews be dismissed without prejudice from the action. Plaintiff states that he has been unable to effect service of process upon this Defendant because Mr. Matthews has apparently "moved/re-located and left no forwarding address." Plaintiff's Motion To Dismiss Without Prejudice (Doc. # 252).

Rule 4(m) states, in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Plaintiff has not requested a further extension of time to effect service of process upon Defendant "John Doe" a/k/a Paul Matthews. Therefore, it is not necessary to determine whether there is good cause for a mandatory or permissive extension of time to effect service of process upon this Defendant. Because the 120-day time period for effecting service of process upon Defendant "John Doe" a/k/a Paul Matthews has expired pursuant to Fed. R. Civ. P. 4(m), the

cause of action should be dismissed without prejudice as to the remaining Defendant "John Doe" a/k/a Paul Matthews.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action against Defendant "John Doe" a/k/a Paul Matthews be DISMISSED WITHOUT PREJUDICE for failure to effect timely service of process under Fed. R. Civ. P. 4(m). Plaintiff is advised of his right to file an objection to this Fourth Supplemental Report and Recommendation with the Clerk of this Court by January 19th, 2010, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The failure to timely object would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Fourth Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this 28th day of December, 2009.

*Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE